## Commonwealth v. Williams

*Paula M. Szortyka,* assistant district attorney, for the Commonwealth.

*Arthur E. Grim,* for defendant.

LIEBERMAN, *J.,* February 15, 1985—

### FINDINGS, CONCLUSIONS AND ORDER IN DISPOSITION OF DEFENDANT'S OMNIBUS PRETRIAL MOTION FOR RELIEF

Lance Adrian Williams filed an omnibus motion to suppress certain evidence in the above captioned case. Hearing was held November 27, 1984.

## FINDINGS

On August 13, 1984, at about 11:50 p.m., Sergeant Harold Katzaman, Jr. of the Bern Township Police Department, observed a vehicle traveling backwards and spinning its tires on Mitchell Road in Bern Township. Upon stopping the vehicle, Sergeant Katzaman ascertained that the driver of the vehicle was Lance Adrian Williams (hereinafter petitioner). At that time, Sergeant Katzaman noted that petitioner's breath smelled of alcohol, he spoke with slurred speech and his eyes were bloodshot. Petitioner also had a bottle of beer in the vehicle next to him.

Sergeant Katzaman asked petitioner to submit to three field sobriety tests. Petitioner took and failed all three tests. Sergeant Katzaman then placed petitioner under arrest and transported him to the police station.

At the police station, Sergeant Katzaman asked petitioner if he would submit to a breathalyzer test. Petitioner agreed. The test determined that petitioner's blood alcohol level was .19 percent. Petitioner was then taken home by the police. At no time was petitioner given a Miranda warning.

There is still a question as to whether or not Mitchell Road in Bern Township is a privately owned roadway or a public highway.

The question now before the court is, should the Commonwealth's evidence in this case be suppressed? Petitioner bases his motion for suppression on two legal theories. The first is that the evidence should be suppressed because it is the fruit of an unlawful arrest. The second, it should be suppressed because it was obtained from petitioner without a knowing, intelligent and voluntary waiver of his rights as required by Miranda.

## CONCLUSIONS

The court rules that the evidence in question is not the fruit of an unlawful arrest. Petitioner claims the evidence in question is the fruit of an unlawful arrest, either because there was no probable cause for arrest or because the arrest was made on private property in contravention of state law. There is no merit in either contention.

Based on the facts as established by this court, we rule that there was probable cause for arrest.

Whether or not the arrest took place on a privately owned road, it was not in contravention of state law. Petitioner was arrested for an alleged violation of 75 Pa.C.S. §3731. The provisions of this statute ". . . shall apply upon highways and trafficways throughout this Commonwealth," 75 Pa.C.S. §3101(b). The road in question clearly falls within the definition of a trafficway, 75 Pa.C.S. §102. See Commonwealth v. Bresnock, 19 D.&C.3d 327 (1981).

The court rules that the evidence should not be suppressed because the policeman failed to give petitioner a Miranda warning. Blood tests (e.g. breath tests) are protected by the fourth, not the fifth amendment, Schmerber v. California 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). They, therefore, do not get Miranda protection, Commonwealth v. Funk 254 Pa. Super. 233, 385 A.2d 995.

The knowing consent of petitioner was not necessary to seize the evidence in the present case since this case deals with a seizure incident to a legal arrest.

For the above reasons, we enter the following

## ORDER

February 15, 1985, it is ordered that petitioner's motion for suppression is denied.